**Stuart HIRSHFIELD and Susanne Hirshfield, Plaintiffs–Appellees,**

v.

**UNITED STATES OF AMERICA, Defendant–Appellant.**

**No. 02–6080.**

United States Court of Appeals, Second Circuit.

Aug. 5, 2003.

Sean H. Lane, Assistant United States Attorney (James B. Comey, United States Attorney for the Southern District of New York, Gideon A. Schor, Assistant United States Attorney, of counsel), New York, N.Y., for Appellant.

Stuart A. Smith, New York, N.Y., for Appellees.

PRESENT: OAKES, CALABRESI, and SACK, Circuit Judges.

SUMMARY ORDER

The United States appeals from a partial judgment in favor of the plaintiffs-appellees, Stuart and Susanne Hirshfield, granting summary judgment on their claim for reimbursement of penalties paid in response to an untimely notice of deficiency. *Hirshfield v. United States,* 177 F.Supp.2d 220, 221 (S.D.N.Y.2001); *see also Hirshfield v. United States,* No. 99 Civ. 1828, 2001 WL 579783, 2001 U.S. Dist. LEXIS 6955 (S.D.N.Y. May 31, 2001). For the reasons stated in an opinion we issue today on substantially the same questions raised in this appeal, *Carroll v. United States,* 339 f.3D 61 (2d Cir.2003), we affirm the judgment of the district court.

For the foregoing reasons, the judgment of the District Court is hereby AF-FIRMED.

**Shuang Long SHI, Plaintiff–Appellant,**

v.

**ARROW TRUCK SALES, Volvo Group North America, Inc., Defendants–Appellees.**

**No. 02–9357.**

United States Court of Appeals, Second Circuit.

Aug. 11, 2003.

Shuang Long Shi, Flushing, NY, for Appellant, pro se.

Darren H. Goldstein, (Cindy M. Perr, on the brief), Flaster/Greenberg P.C., Cherry Hill, NJ, for Appellee, Arrow Truck Sales, Inc.

Dorothy H. de Marinis, Calinoff & Katz LLP, New York, NY, for Appellee, Volvo Group North America, Inc.

PRESENT: JACOBS, F.I. PARKER, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Shuang Long Shi appeals *pro se* from a September 25, 2002 order entered in the United States District Court for the Southern District of New York (Daniels, *J.*), dismissing under Federal Rule of Civil Procedure 12(b) his claims against Defendants–Appellees Ar-

row Truck Sales, Inc. ("Arrow"), and Volvo Group North America, Inc. ("Volvo").

The district court ruled that [1] personal jurisdiction over Arrow did not exist in New York; [2] subject matter jurisdiction based on diversity jurisdiction was lacking because [a] complete diversity was lacking as Volvo's principal place of business was in New York, which was also plaintiff's State of citizenship, and [b] the amount-in-controversy requirement was not satisfied; and [3] subject matter jurisdiction based on a federal question was lacking because [a] under 42 U.S.C. § 1983, neither Arrow nor Volvo was a state actor, and [b] under 42 U.S.C. § 1981, plaintiff failed to set forth facts sufficient to support the claim.

We affirm for substantially the reasons set forth by the district court in its Order dated September 25, 2002.[1]

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

---

1. Plaintiff failed to assert facts to maintain a § 1981 claim against Volvo. On plaintiff's § 1981 claim against Arrow, however, we need not and do not reach the issue of whether the district court properly dismissed for a failure to plead sufficient facts as we agree with the district court's dismissal of the claims against Arrow for lack of personal jurisdiction.